**Miscellaneous Docket No. 15-145**

# United States Court of Appeals
# for the Federal Circuit

In re QUEEN'S UNIVERSITY AT KINGSTON and
PARTEQ RESEARCH AND DEVELOPMENT INNOVATIONS,

*Petitioners.*

*On Petition for Writ of Mandamus to the United States District
Court for the Eastern District of Texas, Marshall Division
No. 2:14-cv-00053-JRG-RSP, Honorable Rodney Gilstrap, District
Judge and Honorable Roy Payne Magistrate Judge*

**OPPOSITION TO PETITION FOR WRIT OF MANDAMUS**

Matthew M. Wolf
Jin-Suk Park
John E. Nilsson
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5462
*Counsel for Respondents Samsung
Electronics Co., Ltd., and Samsung
Electronics America, Inc.*

July 30, 2015

FORM 9.  Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re Queen's University, et al.          v.          Samsung Electronics Co., Ltd., et al.

No. 15-145

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc. certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

~~Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.~~

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

1111

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

_____          _____
            Date                                    Signature of counsel

                                        _____
                                             Printed name of counsel

Please Note: All questions must be answered
cc: _____

## IDENTITY OF PARTIES AND COUNSEL

**RESPONDENTS:**          Samsung Electronics Co., Ltd.
                         Samsung Electronics America, Inc.

**Represented By:**

Matthew M. Wolf - *Principal Attorney*
(District of Columbia Bar No. 454323)
matthew.wolf@aporter.com
 Jin-Suk Park
(District of Columbia Bar No. 484378)
jin.park@aporter.com
John E. Nilsson
(District of Columbia Bar 492381)
john.nilsson@aporter.com
Tara L. Williamson
(District of Columbia Bar No. 1003484)
tara.williamson@aporter.com
Samuel M. Drezdzon
(District of Columbia Bar No. 1017758)
samuel.drezdzon@aporter.com
Patrick C. Reidy
(Illinois State Bar No. 6313802)
patrick.reidy@aporter.com
Joshua M. Rychlinski
(Michigan State Bar No. P79075)
Arnold & Porter LLP
555 12th Street, NW
Washington, DC  20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Ryan M. Nishimoto
(California State Bar No. 235208)
ryan.nishimoto@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

and

Melissa Smith
William R. Lamb
Gillam &  Smith, LLP
303 South Washington Avenue
Marshall, TX  75670
Telephone: (903) 934-9257
Facsimile: (903) 934-9257

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ..........................................................................................1

II.     FACTS AND PROCEDURAL HISTORY ..................................................2

III.    ARGUMENT..............................................................................................3

        A.      Petitioners' Proposed "Patent Agent" Privilege Is Unrecognized By
                This Court And Unwarranted ..............................................................3

        B.      Neither Congress Nor The Patent Office Has Demonstrated An Intent
                To Create A Patent Agent Privilege .....................................................7

        C.      Even If Petitioners' "Patent Agent Privilege" Argument Had Merit,
                Mandamus Still Would Be Unwarranted To Address This Discovery
                Issue ..................................................................................................10

IV.     CONCLUSION..........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agfa Corp. v. Creo Products*,
    No. 00-10836-GAO, 2002 WL 1787534 (D. Mass. Aug. 1, 2002)............ Passim

*In re Ampicillin Antitrust Litigation*,
    81 F.R.D. 377 (D.D.C. 1978)..................................................................7, 8

*Burroughs Wellcome Co. v. Barr Laboratories, Inc.*,
    143 F.R.D. 611 (E.D.N.C. 1992) ..........................................................5

*Buyer's Direct Inc. v. Belk, Inc.*,
    2012 WL 1416639 (C.D. Cal. Apr. 24, 2012) ......................................6

*Dabney v. Inv. Corp. of Am.*,
    82 F.R.D. 464 (E.D. Pa. 1979)...............................................................9

*Dow Chemical Co. v. Atlantic Richfield Co.*,
    1985 WL 71991 (E.D. Mich. Apr. 23, 1985) .......................................7

*E.I. du Pont de Nemours & Co v. MacDermid, Inc.*,
    2009 WL 3048421 (D.N.J. Sept. 17, 2009).........................................5

*Falsone v. United States*,
    205 F.2d 734 (5th Cir. 1953) ...............................................................4

*In re Fujitsu Ltd.*,
    578 F. App'x 997 (Fed. Cir. 2014) ....................................................11

*U.S., ex rel. Gohil v. Aventis Pharm., Inc.*,
    387 F. App'x 143 (3d Cir. 2010) ........................................................11

*In re Google Inc.*,
    462 F. App'x 975 (Fed. Cir. 2012) ....................................................10

*In re IPCom GmbH & Co.*,
    KG, 428 F. App'x 984 (Fed. Cir. 2011) .......................................3, 11

*Joh. A. Benckiser G. m. b. H., Chemische Fabrik v. Hygrade Food Products Corp.*,
    253 F. Supp. 999 (D.N.J. 1966) ........................................................5, 6

*In re Lawson Software, Inc.*,
    494 F. App'x 56 (Fed. Cir. 2012) ........................................................11

*Mallard v. U.S. District Court*,
    490 U.S. 296 (1989).............................................................................10

*McCook Metals L.L.C. v. Alcoa Inc.*,
    192 F.R.D. 242 (N.D. Ill. 2000)............................................................5

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009).....................................................................10, 11

*Mold Masters Ltd. v. Husky Injection Molding Sys., Ltd.*,
    2001 WL 1268587 (N.D. Ill. 2001) ......................................................7

*In re MSTG, Inc.*,
    675 F.3d 1337 (Fed. Cir. 2012) ..............................................3, 11, 12

*Park v. Cas Enterprises, Inc.*,
    2009 WL 3565293 (S.D. Cal. Oct. 27, 2009) ......................................5

*Polyvision Corp. v. Smart Techs. Inc.*,
    2006 WL 581037 (W.D. Mich. Mar. 7, 2006).....................................6

*Power Mosfet Techs. v. Siemens AG*,
    206 F.R.D. 422 (E.D. Tex. 2000) ........................................................4

*Quantum Corp. v. Tandon Corp.*,
    940 F.2d 642 (Fed. Cir. 1991) ..........................................................11

*Rayette-Faberge, Inc. v. John Oster Mfg. Co.*,
    47 F.R.D. 524 (E.D. Wis. 1969) ..........................................................5

*Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*,
    251 F.R.D. 238 (E.D. Tex. 2008) ........................................................4

*In re Rivastigmine Patent Litigation*,
    237 F.R.D. 69 (S.D.N.Y. 2006)............................................................5, 7

*In re Shelbyzme LLC*,
547 F. App'x 1001 (Fed. Cir. 2013) ....................................................................11

*In re Shukh*,
485 F. App'x 437 (Fed. Cir. 2012) .....................................................................11

*SmithKline Beecham Corp. v. Apotex Corp.*,
2000 WL 1310668 (N.D. Ill. Sept. 13, 2000) ......................................................5

*Sneider v. Kimberly-Clark Corp.*,
91 F.R.D. 1 (N.D. Ill. 1980) .................................................................................5

*In re Spalding Sports Worldwide, Inc.*,
203 F.3d 800 (Fed. Cir. 2000) .............................................................................3

*Sperry v. Florida*,
373 U.S. 379 (1963) ..............................................................................................7

*U.S. v. Copar Pumice Co.*,
714 F.3d 1197 (10th Cir. 2013) .........................................................................11

*U.S. v. Newell*,
315 F.3d 510 (5th Cir. 2002) ................................................................................3

*United States v. Nixon*,
418 U.S. 683 (1974)...............................................................................................3

*US v. United Shoe Mach. Corp.*,
89 F.Supp. 357 (D. Mass. 1950)...........................................................................5

*Vernitron Medical Products, Inc.*,
1975 WL 21161 (D.N.J. Apr. 29, 1975)................................................................7

*In re VISX, Inc.*,
18 Fed. Appx. 821 (Fed. Cir. 2001)...................................................................3, 4

**Statutes**

28 U.S.C. § 1292(a) ................................................................................................2

35 U.S.C. § 1292(b) ..............................................................................................11

**Other Authorities**

37 C.F.R. § 10 ......................................................................................................8

## I.      INTRODUCTION

Respondents Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Respondents") respectfully submit this brief in opposition to the writ of mandamus submitted by Petitioners/Plaintiffs Queen's University at Kingston and PARTEQ Research and Development ("Petitioners").  Petitioners ask this Court to grant them the extraordinary procedural relief of mandamus to address a discovery issue of whether a previously unrecognized "patent agent" privilege justifies their efforts to withhold hundreds of communications with a non-lawyer and which neither seek nor provide legal advice.   The District Court rightly ordered the documents produced.  Both the Federal Circuit and the Fifth Circuit have declined to recognize a "patent agent privilege," and the majority of district courts that have considered the issue have flatly rejected such an extension of the attorney-client privilege.  In so doing, they have soundly reasoned the attorney-client privilege—like all exemptions from discovery—is to be narrowly construed and rarely extended.  Even if the question were a close one (and it is not), it should be taken, if at all, during any appeal from judgment when it can be addressed in context.  As this Court has repeatedly and consistently held, post-judgment appeals addressing discovery disputes both protect the rights of litigants and assure the validity of an alleged privilege.  For all

of these reasons, which are explained in more detail below, this Court should deny

Petitioners a Writ of Mandamus.

## II.    FACTS AND PROCEDURAL HISTORY

The Petitioners have served no fewer than six privilege logs in this action.

Two of Petitioners' logs list hundreds of communications with a non-lawyer,

Dr. Stephen Scribner.  Dkt. Nos. 134-7, 134-8; A-35, A-197.  Dr. Scribner is a

PARTEQ employee who prosecutes patents as a U.S. patent agent.  Dkt. No. 134-

16; A-298.  On May 5, 2015, Respondents notified the Petitioners that the

communications in question should be produced.  Dkt. No. 134-5; A-296.

Petitioners, however, refused to produce them.  Dkt. No. 134-3 at 2; A-293.  When

Respondents moved the District Court to compel the documents' production, the

Magistrate Judge granted the motion, noting the lack of support for the Petitioners'

position.  Dkt. No. 149; A-248; A-287 6/17/15 Hearing Tr. at 40:13-15, 41:23-

42:4, 42:11-14.  Petitioners then filed Rule 72(a) Objections to the Magistrate

Judge's Order, which were overruled.  Dkt. No. 172; A-264.  The District Court

also declined to certify Petitioners' 28 U.S.C. § 1292(a) petition for interlocutory

appeal of the District Court's order compelling production.  Dkt. No. 179; A-271.

Still refusing to produce the communications in question, Petitioners filed their

petition for a writ of mandamus.

## III. ARGUMENT

### A. Petitioners' Proposed "Patent Agent" Privilege Is Unrecognized By This Court And Unwarranted

"A party asserting a privilege exemption ... bears the burden of demonstrating its applicability." *U.S. v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citations omitted); *see also In re IPCom GmbH & Co.*, KG, 428 F. App'x 984, 986 (Fed. Cir. 2011) ("the party asserting attorney-client privilege bears the burden of proving that the privilege exists"). The Supreme Court has warned that evidentiary privileges "are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974); *see also In re MSTG, Inc.*, 675 F.3d 1337, 1342-43 (Fed. Cir. 2012) (declining to define a new Rule 501 privilege in patent cases that would prevent discovery of litigation settlement negotiations related to reasonable royalties and damages).

Despite hearing claims to privilege for a patent agent's communications with other non-lawyers, this Court has never recognized a "patent agent privilege." *In re VISX, Inc.*, 18 F. App'x 821, 823-24 (Fed. Cir. 2001) (finding waiver of privilege for documents at issue between a foreign patent agent and a U.S. attorney under the attorney-client privilege and not waiver of any sort of patent agent privilege); *see also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000) ("[i]n determining whether the attorney-client privilege applies, we first

note that Spalding's invention record constitutes a communication to an *attorney*")

(emphasis added).  The Magistrate Judge pointed this out to Petitioners in granting

Respondents' motion to compel, noting that "the Federal Circuit in that In Re:

[*VISX*] case expressly declined to recognize patent agent privilege."  A-281

6/17/15 Hearing Tr. at 40:13-15

     The creation of a patent agent privilege also would be inconsistent with the

law of the United States Court of Appeals for the Fifth Circuit.[1]  In *Falsone v.*

*United States*, the Fifth Circuit expressly refused to recognize a privilege for

communications between clients and non-lawyer agents in administrative

proceedings.  *See* 205 F.2d 734,740 (5th Cir. 1953).  District courts in the Fifth

Circuit have thus held that the "attorney-client privilege applies only if … the

person to whom the communication was made (a) *is a member of the bar of a*

*court, or his subordinate*."  *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield*

*Operations Inc*., 251 F.R.D. 238, 243-44 & n.3 (E.D. Tex. 2008) (emphasis added).

Those courts have also refused to extend the work product doctrine to shield patent

---

[1] This Court has stated that it "appl[ies] regional circuit law to the issue of waiver
of the attorney-client privilege." *In re VISX, Inc*., 18 Fed. Appx. 821, 823 (Fed.
Cir. 2001).  The Magistrate Judge recognized that it was "not certain that the
Federal Circuit would deem that this question of whether there's a patent agent
privilege is not governed by the regional circuit authority..."  A-283 6/17/15
Hearing Tr. at 42:8-11.

prosecution communications from discovery. *Power Mosfet Techs. v. Siemens AG*, 206 F.R.D. 422, 423-24 (E.D. Tex. 2000).

In this respect, the district courts within the Fifth Circuit are part of a general consensus. The majority of district courts outside the Federal and Fifth Circuits do not recognize a patent agent privilege separate from the attorney-client privilege. *Park v. Cas Enterprises, Inc.*, No. 08-cv-03, 2009 WL 3565293, at *3 (S.D. Cal. Oct. 27, 2009); *E.I. du Pont de Nemours & Co v. MacDermid, Inc.*, No. 06-3383, 2009 WL 3048421, *4-5 (D.N.J. Sept. 17, 2009); *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 102 (S.D.N.Y. 2006) (citations omitted); *Agfa Corp. v. Creo Prods.*, No. 00-10836-GAO, 2002 WL 1787534, at *3 (D. Mass. Aug. 1, 2002); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 256 (N.D. Ill. 2000) ("generally no communication from patent agents, whether American or foreign, are subject to the attorney-client privilege in the United States") (citations omitted); *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 1310668, at *2 (N.D. Ill. Sept. 13, 2000); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 5 (N.D. Ill. 1980); *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 616-17 (E.D.N.C. 1992); *Rayette-Faberge, Inc. v. John Oster Mfg. Co.*, 47 F.R.D. 524, 526 (E.D. Wis. 1969); *Joh. A. Benckiser G. m. b. H., Chemische Fabrik v. Hygrade Food Prods. Corp.*, 253 F. Supp. 999, 1001-02 (D.N.J. 1966); *U.S. v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 360-61 (D.

Mass. 1950). These courts soundly reason that "it does not follow that because the agent is permitted to engage in this defined subuniverse of legal practice [before the USPTO], his activities are therefore equivalent to those of a practicing attorney." *Rivastigmine*, 237 F.R.D. at 102; *Agfa*, 2002 WL 1787534, at *2 ("The 'looks like a duck, walks like a duck' analysis relied on by cases such as those cited above works only if it regards as insignificant the fact that privilege is rooted, both historically and philosophically, in the special role that lawyers have, by dint of their qualifications and license, to give legal advice."); *Benckiser*, 253 F. Supp. 999 at 1001 (noting that all cases relied upon by petitioner "expressly adopted all of the criteria in *United Shoe* including the sine qua non that the individual be an attorney admitted to practice before some court").

Moreover, even those few district courts that have recognized a patent agent privilege have drawn the scope of that privilege narrowly such that it would likely exclude documents listed on Petitioners' privilege logs. Each of them have held that a patent agent's "discussions with a client *after the patent issued concerning the patent having been infringed or its legal validity if challenged in court* are not privileged communications. *Polyvision Corp. v. Smart Techs. Inc.*, No. 1:03-CV-476, 2006 WL 581037, at *3 (W.D. Mich. Mar. 7, 2006) ("USPTO registered patent agents cannot defend or enforce patent rights in federal courts."); *Buyer's Direct Inc. v. Belk, Inc.*, No. SACV 12-00370-DOC, 2012 WL 1416639, at *3

(C.D. Cal. Apr. 24, 2012); *Mold Masters Ltd. v. Husky Injection Molding Sys., Ltd.*, No. 01 C1576, 2001 WL 1268587, at *4-*5 (N.D. Ill. 2001); *Dow Chem. Co. v. Atlantic Richfield Co*., No. 83-CV-3763, 1985 WL 71991, at *7 (E.D. Mich. Apr. 23, 1985) (refusing to extend the attorney work product doctrine to patent agent communications); *Ampicillin*, 81 F.R.D. at 393-94; *Vernitron Med. Prods., Inc*., No. 616-73, 1975 WL 21161, at *1-2 (D.N.J. Apr. 29, 1975).  Here, the record shows that the withheld documents include patent agent communications regarding patents that had already issued.  Dkt. No. 134-7 at pp. 68, 75-76, 111-12, 122, 125, 138, 158; A-103, A-110-11, A-146-47, A-157, A-160, A-173, A-193 (entries for "advice regarding issued patent").

**B.    Neither Congress Nor The Patent Office Has Demonstrated An Intent To Create A Patent Agent Privilege**

Petitioners rely heavily on *Sperry v. Florida*, 373 U.S. 379 (1963), insisting that the Supreme Court recognized a Congressional intent to make patent agents tantamount to attorneys for all purposes, including evidentiary privileges.  Pet. 14. *Sperry* stands for no such sweeping proposition.  Although the Court in *Sperry* concluded that the preparation and prosecution of patent applications by a patent agent constitutes the "practice of law" for purposes of prosecution, it did not equate patent agents to attorneys for all purposes.  *Id.* at 382-83.

Courts refusing to recognize a patent agent privilege have directly addressed the *Sperry* decision, noting that, "[t]o argue that because a patent agent

competently engages in legal activities similar to those of an attorney, he should be

accorded the status of an attorney *is to turn the logic of Sperry on its head*."

*Rivastigmine*, 237 F.R.D. at 102 (emphasis added); *see also Agfa*, 2002 WL

1787534, at *3 ("[*Sperry*] contains absolutely no discussion of whether the

attorney-client privilege extends to patent agents.  To the contrary, underlying the

issue resolved in *Sperry* is the recognition that there is a clear distinction between a

non-lawyer patent agent and a lawyer formally admitted to practice before a state

bar.").[2]  As the Magistrate Judge explained at the hearing on Respondents' motion

to compel, "the Congressional policy was to allow inventors the less expensive

alternative of having a non-attorney patent agent prosecute their patents . . . I don't

think that means that all of the laws and policies about attorneys, therefore, apply

to non-attorney patent agents."  A-287 6/17/15 Hearing Tr. at 40:25-41:5.  He went

on to note that "[w]e routinely allow certain inmates to represent other inmates in

filing petitions with this court, but that doesn't make them lawyers [a]nd they're

not covered by the attorney-client privilege."  A-287 6/17/15 Hearing Tr. at 45:4-8.

Petitioners' reliance on the Patent Office's administrative regulations is

similarly unavailing.  Although 37 C.F.R. § 10 provides that patent agents

---

[2] These decisions also considered and rejected the other cases upon which
Petitioners rely.  *See, e.g., Agfa*, 2002 WL 1787534, at *2-3 (considering and
rejecting the reasoning applied in both *Dow Chem. Co. v. Atlantic Richfield Co.*,
227 U.S.P.Q. 129, 133-34 (E.D. Mich. 1985) and *In re Ampicillin Antitrust Litig.*,
81 F.R.D. 377, 393-94 (D.D.C. 1978)).

prosecuting applications before the Patent Office have confidentiality obligations and must abide by an ethical code (just as attorneys must), it says nothing about extending the attorney-client privilege to shield their communications from discovery.  As the Magistrate Judge noted in granting Respondents' motion to compel, "the mere fact that [patent agents] are subject to a duty of confidentiality – all kinds of professionals are subject to that and don't get an evidentiary privilege, because even though what they're doing may be considered very socially valuable, it's not enough to protect or to bar the search for truth from the information they have.  And that's why privileges are so narrowly construed."  A-287 6/17/15 Hearing Tr. at 46:2-8.

Bar membership is required to invoke the attorney-client privilege because the public must be encouraged seek legal advice from those who are competent to practice law.  *Dabney v. Inv. Corp. of Am.*, 82 F.R.D. 464, 465 (E.D. Pa. 1979) ("Criteria for admission to the bar are carefully established and maintained in order to guarantee some minimum level of competence within the legal profession.  To extend the attorney-client privilege to communications made to a law student unsupervised by a duly qualified lawyer would, to some extent, encourage the public to entrust its legal concerns and seek legal advice from persons as yet unqualified to engage in the practice of law."); *see also Agfa*, 2002 WL 1787534, at *2 (finding that courts refuse to extend a common law privilege of

confidentiality to accountants "unless they are shown to be working under the direction of an attorney and thus may be thought to be agents of *the attorney, who is the necessary professional legal adviser*") (emphasis added and citations omitted).

**C.    Even If Petitioners' "Patent Agent Privilege" Argument Had Merit, Mandamus Still Would Be Unwarranted To Address This Discovery Issue**

This Court has held that "[t]he use of mandamus is limited to exceptional circumstances to correct a 'clear abuse of discretion or usurpation of judicial power by the trial court.'" *In re Google Inc.*, 462 F. App'x 975, 977 (Fed. Cir. 2012) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382 (1953)). The petitioner must prove that it has no other means of attaining the relief desired. *Mallard v. U.S. District Court*, 490 U.S. 296, 309 (1989). In *Mohawk Indus., Inc. v. Carpenter*, the Supreme Court held that the disclosure of allegedly privileged documents does not cause irreparable harm because the effects of erroneous disclosure can be sufficiently addressed in post-judgment appeal proceedings:

> In our estimation, post-judgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence.

10

558 U.S. 100, 108-13 (2009). This Court has frequently cited *Mohawk* in declining petitions for mandamus requesting orders to compel to be vacated under an alleged attorney-client privilege. *See, e.g., IPCom*, 428 F. App'x at 986 (finding the district court's order compelling production of allegedly privileged documents to have "no error that satisfies the high bar for mandamus review"); *In re Shukh*, 485 F. App'x 437, 438 (Fed. Cir. 2012); *In re Lawson Software, Inc.*, 494 F. App'x 56, 58 (Fed. Cir. 2012); *see also U.S., ex rel. Gohil v. Aventis Pharm., Inc.*, 387 F. App'x 143, 146-47 (3d Cir. 2010); *U.S. v. Copar Pumice Co.*, 714 F.3d 1197, 1210 (10th Cir. 2013).[3]

Petitioners cite *In re MSTG* for the proposition that the Federal Circuit may grant interlocutory or mandamus review of privilege orders, but, far more often, the Federal Circuit denies review and/or the relief requested of those appeals. *See, e.g., Shukh*, 485 F. App'x at 438; *Lawson*, 494 F. App'x at 58; *In re Shelbyzme LLC*, 547 F. App'x 1001, 1002 (Fed. Cir. 2013); *In re Fujitsu Ltd.*, 578 F. App'x 997 (Fed. Cir. 2014); *see also Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 644 (Fed. Cir. 1991) (approving of district court's refusal to certify order under 28 U.S.C. § 1292(b) because interlocutory appeal of order compelling production of

---

[3] Although the Supreme Court noted that interlocutory review under 35 U.S.C. § 1292(b) or mandamus could serve as a "safety valve" for disclosure orders that are "particularly injurious or novel" that represent "a clear abuse of discretion," the Petitioners have not clearly demonstrated that the present disclosure order would fall within that narrow exception. *Mohawk*, 558 U.S. at 110.

documents withheld under attorney-client privilege would not materially advance termination of the litigation).

Virtually ignoring *Mohawk* and this Court's decisions following it, Petitioners insist that this Court's decision in *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012) requires it to grant mandamus here.  Pet. 5.  In *MSTG*, however, the Court was dealing with the disclosure of documents and communications created *during settlement negotiations*.  *MSTG*, 675 F.3d at 1339-40, 1348.  The Court thus emphasized that "*[t]he confidentiality of the settlement negotiations* would be lost if review were denied until final judgment, and immediate resolution of this issue would avoid discovery that would undermine the claimed important public interests in protecting settlement discussions from discovery."  *Id.* at 1342 (emphasis added and citations omitted).  Petitioners make no attempt to explain why the allegedly privileged communications or documents at issue in this case should be treated like the settlement negotiations at issue in *MSTG*.

## IV.    CONCLUSION

For the foregoing reasons, Respondents respectfully request that this Court

deny the Petition for a Writ of Mandamus.


DATED this 30th day of July, 2015.

Respectfully submitted,

*/s/ Matthew M .Wolf*
Matthew M. Wolf
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5462
*Counsel for Respondents Samsung*
*Electronics Co., Ltd., and Samsung*
*Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on July 30, 2015, I caused a copy of the foregoing **OPPOSITION TO PETITION FOR WRIT OF MANDAMUS** to be served via CM/ECF Notice and overnight courier (Federal Express) for next-business-day delivery, addressed as follows:

> Ian B. Crosby
> Rachel S. Black
> Susman Godfrey LLP
> 1201 Third Avenue, Suite 3800
> Seattle, Washington 98101

*/s/Matthew M. Wolf*
Matthew M. Wolf
